# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) **Chapter 7** |
| **MICKEY DAVID LACROIX,** | ) **Case No. 10-10795** |
|  | ) |
| Debtor. | ) |
|  | ) |

### UNITED STATES TRUSTEE'S MOTION FOR EXAMINATION
### UNDER FED. R. BANKR. P. 2004
### (With Certificate of Service)

Pursuant to 28 U.S.C. § 586(a), 11 U.S.C. § 307 and Fed. R. Bankr. P. 2004, the United States Trustee moves the Court to order Laurie Crilly and Kelly Robbennolt, (the "Petition Preparer"):

- to produce the documents described on the attached <u>Exhibit A</u> on or before 12:00 p.m. noon on August 19, 2010, at the office of the United States Trustee, 537 Congress Street, Portland, Maine; and

- to appear at the office of the United States Trustee for examination no later than August 26, 2010, beginning at 10:00 a.m.

In support, the United States Trustee states:

1. Mickey David Lacroix, (the "Debtor") filed his petition in bankruptcy under Chapter 7 on or about May 20, 2010. [DE 1]. Gary M. Growe was appointed as the Chapter 7 Trustee (the "Trustee"). The Section 341 Meeting of Creditors is to be held on June 18, 2010, with Objections for Discharge due by August 17, 2010.

2. The UST, has been investigating certain activities of the Petition Preparer regarding preparations of Chapter 7 bankruptcy petitions in the State of Maine. Laurie Crilly signed the petition of the Debtor as the Petition Preparer. The Debtor has informed the Office of the United States Trustee that his contact for petition preparation is a Kelly Robbennolt. Upon information and belief, legal advice may have been provided to the

Debtor. In order to perform his responsibilities pursuant to 11 U.S.C. § 704 and 28 U.S.C. § 586, the United States Trustee must examine the Petition Preparer and the Petition Preparer's records in order to determine:

    a.    how the Petition Preparer is advertising services and garnering clients;

    b.    whether the Petition Preparer was Laurie Crilly or Kelly Robbennolt;

    c.    to determine the compensation paid for the services; and

    d.    whether the services offered by the Petition Preparer are correct, in good faith, provide effective petition preparation services, and have been fully disclosed.

3.    The United States Trustee needs a reasonable time to evaluate Petition Preparer's financial and business records produced by the Petition Preparer prior to the scheduled examination and prior to the deadline for filing an objection and, therefore, requests documentation no later than August 19, 2010.

WHEREFORE, the United States Trustee prays that the Court enter an order (i) requiring the Petition Preparer to produce the documents described on <u>Exhibit A</u> at or before August 19, 2010 at the office of the United States Trustee, 537 Congress Street, Portland, Maine; (ii) requiring the Petition Preparer to appear at the office of the United States Trustee for examination on or before August 26, 2010 beginning at 10:00 a.m.; and (iii) granting such other and further relief to which she may be entitled.

Dated: July 6, 2010            Respectfully submitted,

                              JOHN P. FITZGERALD III, ESQ.
                              ACTING UNITED STATES TRUSTEE
                              By:   */s/ Stephen G. Morrell*
                              Assistant U.S. Trustee
                              DEPARTMENT OF JUSTICE
                              Office of the U.S. Trustee
                              537 Congress Street, Suite 303
                              Portland, ME 04101
                              (207) 780-3564 – Ext. 205
                              stephen.g.morrell@usdoj.gov

# EXHIBIT A

## I. INSTRUCTIONS

1. You are required to respond to this request for production of Documents (as defined herein) and tangible things in writing by Identifying (as that term is defined below) all materials in your possession, ownership, custody, or control, actual or constructive, including materials that you have a right to secure from any other source and producing the same at the time and place set forth herein. These sources include, but are not limited to, your employees, agents, managing agents, attorneys, representatives, accountants, clients, investment bankers, consultants, advisors, officers, directors, or representatives of any type whatsoever. These sources further include, but are not limited to, your predecessors, successors, parents, subsidiaries, affiliates, divisions, and their respective employees, agents, managing agents, attorneys, representatives, accountants, clients, investment bankers, consultants, advisors, officers, directors, or representatives of any type whatsoever.

2. If any Document or tangible thing herein requested was, but no longer is, in your possession or subject to your control, whether actual or constructive, state what disposition was made of the Document or tangible thing, why such disposition was made, to whom the Document or tangible thing was transferred or delivered if applicable, where the Document or tangible thing presently is located, and the date or dates (or approximate date or dates) on which such disposition was made.

3. In the event that you file a proper and timely objection to any portion of any individual request for the production of Documents or tangible things presented herein, you are required to respond to all other portions of that request that do not fall within the ambit of your objection.

4. If any portion of any Document or tangible thing is responsive to any production request herein, then the entire Document or tangible thing must be produced. If any requested Document or tangible thing cannot be produced in full, then you must produce that Document or tangible thing to the greatest extent possible. Whenever a document or tangible thing is not produced in full, or is produced in redacted form, you must indicate such on the Document or tangible thing produced.

5. If any Document or tangible thing responsive to a production request herein is withheld in whole or in part, for any reason whatsoever, including, but not limited to, any claim of privilege, confidentiality, or trade secret, then you must state with respect to each such Document, tangible thing, or withheld portion thereof: (a) the privilege or ground under which it is being withheld; (b) a description of the subject matter thereof; (c) the identity of its author or creator; (d) the identity of all persons to whom it is addressed and all persons to whom copies thereof have ever been furnished; (e) the date thereof; and (f) the current custodian and location thereof.

6. If there do not exist Documents or tangible things responsive to a specific production request herein, then you must indicate such in your written response hereto.

7. The Documents or tangible things produced in response hereto shall be segregated and clearly marked or labeled so as to correspond to the specific production requests to which such Documents or tangible things are responsive and are being produced. Otherwise, such Documents or tangible things shall be produced as they are kept in the usual course of business, including the production of files from which such Documents or tangible things are taken.

8. This is a continuing request for production of Documents and tangible things. Thus, if after making your initial production(s), you become aware of any additional responsive Documents or tangible things in your possession, ownership, custody or control (actual or constructive), including materials which you have a right to secure from any other source, you are required without further request to produce, or to make available for inspection or copying, such additional Documents or tangible things.

9. **Unless otherwise specified in any individual request, you must produce all responsive Documents generated or created at any time up to and including the present.**

## II. DEFINITIONS

1. **Petition Preparer.** The term "Petition Preparer" means either Laurie Crilly or Kelly Robbennolt, and/or their employees and representatives.

2. **Communication**. The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, without limitation, email, telephone or in writing of any kind.

3. **Concerning**. The term "Concerning" means referring to, describing, evidencing, or constituting.

4. **Documents**. The term "Documents" includes, but is not limited to, the following materials: any and all papers, documents, correspondence, letters, manuals, computer disks (including floppy diskettes, zip disks, CD-ROMs and hard drives), backup tapes, data electronically stored (including archival and backup copies of files containing data, as well as files or parts of files which may have been deleted by the user but which are nevertheless recoverable by any means), other data, photographs, videos, surveys, drawings, films, schematics, other computer generated information, handwritten or typewritten notes, charts, graphs, publications, diagrams, journals, calendars, diaries, logs, log books, messages, reports, or any other papers or writings or communications or summaries thereof.

5. **Identification.** The term "Identification" means to state with respect to each item (a) its contents, nature and/or substance, (b) its authors, preparers and recipients, (c) its date or if it bears not date, the approximate date on which it was prepared

and/or received, (d) its physical location and present custodians, and (e) if Debtor refuses to identify the item or to make it available to the Defendant, the reasons for such refusal with sufficient particularity to enable the court to determine whether the document should be identified or produced. Documents or materials may be produced for inspection and copying as an alternative to identification if the information requested in this definition appears on the face of the document or material. Note: If more than one copy of the document or material is in existence and any copies bear any kind of notations or markings communicating or recording information that do not appear on the original, each such copy shall be identified and/or produced and the substantive content of the notations or makings furnished.

6. **Petition Date.** The term "Petition Date" means May 20, 2010.

7. **Person**. The term "Person" is defined as any natural person or any business, legal or governmental entity or association.

8. **Refer or Refers to**. The term "refer" or "refer to" means mentioning, discussing, making reference to or relating to in any way.

9. **Relate or Relates to**. The term "relate" or "relates to" means constituting, defining concerning embodying, reflecting, identifying, stating, referring to, dealing with or in any way pertaining to.

10. Where appropriate, the use of the singular includes the plural and the use of the plural includes the singular.

## III. REQUESTED DOCUMENTS AND TANGIBLE THINGS

Capitalized terms in the following requests have the meanings set forth in Section II hereof. The United States Trustee requests that the Petition Preparer produce and permit her attorneys to inspect and to copy as aforesaid the following:

1. All documents which relate to the ownership interest of the Petition Preparer in business entities providing bankruptcy related or financial assistance services from May 20, 2004, to May 20, 2010.

2. All documents relating to all income realized by the Petition Preparer from the Debtor, Mickey David Lacroix, between May 20, 2004, to May 20, 2010.

3. All documents which relate to each bank account owned or maintained by the Petition Preparer between May 20, 2004, to May 20, 2010.

4. All documents relating to the business operations, accounts payable, accounts receivable, advertising, clients, services, and petition preparations completed by Petition Preparers, or their related entities from May 20, 2004, to May 20, 2010.

**CERTIFICATE OF SERVICE**

I, Sarah M. Farwell, being over the age of eighteen and an employee of the United States Department of Justice, U.S. Trustee Program, hereby certify that on July 6, 2010, I electronically filed the above ***United States Trustee's Motion for Examination Under Fed. R. Bankr. P. 2004,*** a ***Proposed Order, Notice of Hearing,*** and this ***Certificate of Service*** which were served upon each of the parties set forth on this Service List via U.S. mail, postage prepaid, on July 6, 2010.

All other parties listed on the Notice of Electronic Filing have been served electronically.

Dated at Portland, Maine this 6th day of July, 2010.

    */s/ Sarah M. Farwell*

Via email:
Kelly Robbennolt - kellyrobbennolt@gmail.com

Notice also was served upon the following via first-class, U.S. Mail, pre-paid:

**Mickey David Lacroix**
28 Williams Pond Road
Bucksport, ME  04416

**Laurie Crilly**
1435 Reynolds Hollow
Greeneville, TN 37745